# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>[1] MANFRED A. PENTZKE LEMUS,<br><br>Defendant. | CRIMINAL NO. 23-130 (ADC) |

## REPORT AND RECOMMENDATION
## RE: RULE 11 PROCEEDINGS (PLEA OF GUILTY)

**I.      Procedural Background**

On March 30, 2023, a grand jury returned an indictment against defendant [1] Manfred A. Pentzke Lemus. ECF No. 3. The defendant has agreed to plead guilty to counts one and twenty-one of the indictment. Count one charges the defendant conspiring to commit wire fraud in violation of Title 18, United States Code, Sections 1349. Count twenty-one charges the defendant of conspiring to commit money laundering, in violation of Title 18 United States Code, Section 1956(h).

**II.     Consent to Proceed Before a Magistrate Judge**

On September 24, 2024, while assisted by counsel the defendant, by consent, appeared before the undersigned in order to change his previous not guilty plea to plead guilty to counts one and twenty-one of the indictment. The defendant was questioned as to the purpose of the hearing being held and was advised of: (a) the nature and purpose of the hearing; (b) the fact that all inquiries were to be conducted under oath and that it was expected that his answers would be truthful; and (c) his right to have the change of plea proceedings

presided by a district judge instead of a magistrate judge. The defendant consented to proceed before the undersigned magistrate judge.

**III.     Proceedings Under Rule 11, Federal Rules of Criminal Procedure**

**A.     Rule 11(c)(1) Requirements**

Rule 11 of the Federal Rules of Criminal Procedure governs the acceptance of guilty pleas to federal criminal violations. Pursuant to Rule 11, in order for a plea of guilty to constitute a valid waiver of the defendant's right to trial, guilty pleas must be knowing and voluntary: "Rule 11 was intended to ensure that a defendant who pleads guilty does so with an 'understanding of the nature of the charge and consequences of his plea.'" United States v. Cotal-Crespo, 47 F.3d 1, 4 (1st Cir. 1995) (quoting McCarthy v. United States, 394 U.S. 459, 467 (1969)). [There are three core concerns in these proceedings]: 1) absence of coercion; 2) understanding of the charges; and 3) knowledge of the consequences of the guilty plea. United States v. Cotal-Crespo, 47 F.3d at 4 (citing United States v. Allard, 926 F.2d 1237, 1244-45 (1st Cir. 1991)).

United States v. Hernández-Wilson, 186 F.3d 1, 5 (1st Cir. 1999).

**B.  Admonishment of Constitutional Rights**

To assure defendant's understanding and awareness of his rights, defendant was advised of his right:

1.     To remain silent at trial and be presumed innocent, since it is the government who has the burden of proving his guilt beyond a reasonable doubt.

2.     To testify or not to testify at trial.

3.     To a speedy trial before a district judge and a jury, at which he would be entitled to see and cross examine the government witnesses, present evidence on his behalf, and challenge the government's evidence

4.     To have a unanimous verdict rendered by a jury of twelve persons which would have to be convinced of defendant's guilt beyond a reasonable doubt by means of admissible evidence.

5. To use the subpoena power of the court to compel the attendance of witnesses.

Upon listening to the defendant's responses, observing his demeanor and his speaking with his attorney, that to the best of counsel's belief defendant had fully understood his rights, it is determined that defendant is aware of his constitutional rights.

### C. Consequences of Pleading Guilty

Upon advising defendant of his constitutional rights, he was further advised of the consequences of pleading guilty. Specifically, defendant was advised that by pleading guilty and upon having his guilty plea accepted by the court, he will be giving up the above rights and will be convicted solely on his statement that he is guilty.

Furthermore, the defendant was admonished of the fact that by pleading guilty he would not be allowed later on to withdraw his plea because he eventually might disagree with the sentence imposed, and that if he violates the conditions of supervised release, that privilege could be revoked and he could be required to serve an additional term of imprisonment. He was also explained that parole has been abolished.

In response to further questioning, the defendant was explained, and he understood, that if convicted of count one of the indictment he will face the following penalties: a term of imprisonment of not more than thirty (30) years, a fine not to exceed $1,000,000, and a term of supervised release of not more than five (5) years.  The defendant was also explained, and he understood, that if convicted as to count twenty-one, he would be exposed to the following penalties: a term of imprisonment of not more than twenty (20) years, a fine of not more than $500,000 or twice the value of the property involved in the transaction, whichever is greater, and a supervised release term of not more than three (3) years. Defendant also understood that he is exposed to a civil penalty not to exceed the greater of the value of the property, funds, or monetary instruments involved in the transaction or $10,000.

The defendant was advised that the ultimate sentence was a matter solely for the court to decide in its discretion and that, even if the maximum imprisonment term and fine were to be imposed upon him, he later could not withdraw his guilty plea for that reason alone. The defendant understood this.

### D. Plea Agreement

The parties have entered into a written plea agreement that, upon being signed by the government, defense attorney and defendant, was filed and made part of the record. Defendant was clearly warned and recognized having understood that:

1. The plea agreement is not binding upon the sentencing court.

2. The plea agreement is an agreement between the defendant, defense counsel and the attorney for the government which is presented as a recommendation to the court in regards to the applicable sentencing adjustments and guidelines, which are advisory.

3. The agreement provides a sentencing recommendation and/or anticipated sentencing guideline computation, that can be either accepted or rejected by the sentencing court.

4. In spite of the plea agreement and any sentencing recommendation contained therein, the sentencing court retains full discretion to reject such plea agreement and impose any sentence up to the maximum possible penalty prescribed by statute.

The defendant acknowledged having understood these explanations and all the terms and conditions of the plea agreement.

### E. Government's Evidence

The government presented a proffer of its evidence consistent with the version of facts of the plea agreement with which the defendant concurred. Accordingly, there is a basis

in fact and evidence to establish all the elements of the offenses charged in counts one and twenty-one of the indictment.

### F. Voluntariness

The defendant accepted that no threats had been made to induce him to plead guilty and that he did not feel pressured to plead guilty.

### G. Waiver of Appeal

The defendant was explained, and he understood, that if the sentence imposed by the court is within or below the United States Sentencing Guidelines range for the total offense level calculated in the plea agreement when combined with defendant's criminal history category as determined by the court, the defendant waives the right to appeal any aspect of this case's judgment and sentence.

### H. Restitution

The parties agree, and defendant understands, that he is responsible for $2,552,381.73 in restitution. Restitution is a matter for the court to decide.

### I. Forfeiture

Defendant has agreed to waive and forgo any interests or claims over all property, real or personal, which constitutes or is derived from proceeds traceable or involved in the offenses charged in counts one and twenty one of the indictment, including: (1) Oriental Bank Manager's Check ending in 7639 for the amount of $4,200; (2) Oriental Bank Manager's Check ending in 7640 for the amount of $242,920.91; (3) Oriental Bank Manager's Check ending in 7641 for the amount of $11,950.58; (4) Oriental Bank Manager's Check ending in 7642 for the amount of $229,602.79.

## IV.     Conclusion

The defendant, by consent, has appeared before me pursuant to Rule 11, Federal Rules of Criminal Procedure, has entered a plea of guilty as to the offenses in counts one and twenty-one of the indictment. After cautioning and examining the defendant under oath concerning each of the subject matters mentioned in Rule 11, as described in the preceding sections, I find that defendant is competent to enter this guilty plea, is aware of the nature of the offenses charged in counts one and twenty-one and the statutory penalties that the same carry. Therefore, I recommend that the court accept the guilty plea of the defendant and that the defendant be adjudged guilty in counts one and twenty-one of the indictment.

Any objections to this report and recommendation must be specific and must be filed with the Clerk of Court within fourteen (14) days of its receipt. Failure to timely file specific objections to the report and recommendation is a waiver of the right to review by the district court. <u>United States v. Valencia-Copete</u>, 792 F.2d 4 (1st Cir. 1986).

**SO RECOMMENDED.**

In San Juan, Puerto Rico, this 3rd day of October, 2024.

s/Marcos E. López<br>
U.S. MAGISTRATE JUDGE